UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE M. REDDING,

    *Plaintiff*,

v.

ALEJANDRO MAYORKAS,
  Secretary of Homeland Security,

    *Defendant.*

No. 22-cv-2174 (DLF)

## MEMORANDUM OPINION

Before the Court is the defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue, Dkt. 7. Because venue is not proper in this District, the Court will grant the defendant's motion and transfer this case to the Eastern District of Virginia.

### I.    BACKGROUND

The plaintiff, Stephanie Redding, began working for the Transportation Security Administration (TSA) in March 2011. Compl. ¶ 1, Dkt. 1.[1] Starting in March 2016, she was assigned to a ground-based position located in TSA's headquarters in Reston, Virginia. *Id.* ¶ 6.

In April 2017, while still in that position, Redding learned that "her uncorrected vision no longer met the requirements for duty." *Id.* ¶¶ 9, 10. A few months later, in September 2017, she submitted an application for immediate disability retirement. *Id.* ¶ 12. She also, in January 2018, completed "a request for Reasonable Accommodation(s) requesting to be reassigned to a . . . position not affected by medical restrictions." *Id.* ¶ 18.

---

[1] On a motion to dismiss, the Court assumes the truth of material factual allegations in the complaint. *See Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011).

On January 25, 2018, Redding was informed that there were no vacant or anticipated vacant positions in TSA that could accommodate her. *Id.* ¶¶ 19, 20. As a result, she was reassigned to work in the Federal Law Enforcement Training Center in Georgia instead. *Id.* ¶ 23. In May 2018, she accepted this new position, which came with "an approximate $20,000 decrease in salary." *Id.*

Redding found that she "had difficulty with the conditions" of her new assignment, *id.* ¶¶ 24–29, so she emailed TSA to ask for a re-evaluation of her reasonable accommodation, *id.* ¶ 30. She was informed, however, that TSA was no longer responsible for her because she did not work there. *Id.* Around the same time, on October 1, 2019, she received a letter approving her 2017 disability retirement application. *Id.* ¶ 31. Despite receiving approval, Redding was told that TSA also could not process her for retirement because her new position, which was outside TSA, was a reasonable accommodation reassignment. *Id.* ¶¶ 34, 35.

Redding filed a disability discrimination claim with the Equal Employment Opportunity Commission regarding these events. *Id.* ¶ 37. On July 25, 2022, she filed a complaint in this Court against the Secretary of the Department of Homeland Security alleging that she had been subjected to unlawful disability discrimination in violation of the Rehabilitation Act. *Id.* ¶¶ 38–49. The Secretary moved to dismiss or, in the alternative, to transfer the case for improper venue. Dkt. 7.

## II.   LEGAL STANDARD

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* Fed. R. Civ. P. 12(b)(3). To prevail on a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, "the defendant must present facts that will defeat the plaintiff's assertion of venue." *Wilson v. Obama*, 770 F. Supp. 2d 188, 190 (D.D.C. 2011) (citation omitted). "Nevertheless, the

burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum." *Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012) (cleaned up).

"In considering a Rule 12(b)(3) motion, the Court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Tower Lab'ys, Ltd. v. Lush Cosmetics Ltd.*, 285 F. Supp. 3d 321, 323 (D.D.C. 2018) (citation and internal quotation marks omitted). But the Court need not "accept the plaintiff's legal conclusions as true," and it "may consider material outside of the pleadings." *Id.*

### III.  ANALYSIS

Redding brings this lawsuit under the Rehabilitation Act. Compl. ¶¶ 38–49. "[T]he proper venue for litigating a Rehabilitation Act claim is determined by the special venue provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(3)." *Beaird v. Gonzales*, 495 F. Supp. 2d 81, 83 n.3 (D.D.C. 2007). Under these provisions, venue is appropriate in: (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). If the defendant is not found within any of these three districts, the plaintiff may bring suit in "the judicial district in which the [defendant] has [its] principal office." *Id.*

Redding has not alleged sufficient facts to establish that venue is proper in the District of Columbia under any of these provisions. First, none of the allegedly unlawful employment practices identified in the complaint were committed in this District. "Courts . . . determine venue

by applying a 'commonsense appraisal' of events having operative significance." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002) (quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978)).  Thus, "venue cannot lie in the District of Columbia when a substantial part, if not all, of the employment practices challenged . . . took place outside the District." *Id.* (cleaned up).  Redding claims that she was unlawfully discriminated against when TSA failed to provide her a reasonable accommodation and "reassigned [her] to a lower paying position outside her commuting area." Compl. ¶¶ 45–47.  As her complaint makes clear, these allegedly unlawful acts were committed at the TSA's headquarters in Reston, Virginia.[2] *Id.* ¶¶ 6, 7, 9, 19–20, 37.  Venue thus lies in the Eastern District of Virginia.

Redding has not presented any facts that suggest otherwise.  She has not alleged any connection between the TSA's actions and the District of Columbia; indeed, the complaint makes no mention of *any* acts connected to the District.  *See generally* Compl.; *cf. Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 18–19 (D.D.C. 2008) (venue proper in D.C. where plaintiff alleged that final selections were made in D.C.).  Redding argues only that any unlawful acts were committed by the TSA through its "practice of . . . not following the rules," *see* Opp. at 6, Dkt. 8.  But even crediting this theory of liability, venue is proper in the Eastern District of Virginia because the TSA is headquartered in that District.

Turning to the second prong of the Title VII venue provisions, the Secretary has presented facts showing that the relevant employment records are maintained and administered in the Eastern

---

[2] It is not clear from Redding's complaint whether she also alleges that the TSA's refusal in 2019 to process her disability retirement was discriminatory.  Redding raised such a claim in her EEOC complaint, *see* Compl. ¶ 37, but she does not mention it in her claim in this action, *see id.* ¶¶ 38–49.  And even if she did, such allegations would not change the Court's conclusion because Redding has not alleged any facts that establish the alleged unlawful actions took place in the District of Columbia.

4

District of Virginia, and Redding has presented no facts to rebut that showing.  A TSA administrator's sworn declaration reveals that Redding's employment records are located in the Eastern District of Virginia.  Waters Decl. ¶ 5, Dkt. 7-2.  Such "[d]eclarations of human resource officers and employers are sufficient to establish where the employment records are maintained and administered."  *Kendrick v. Potter*, No. 6-cv-122, 2007 WL 2071670, at *3 (D.D.C. July 6, 2007); *see also Slaby*, 901 F. Supp. 2d at 134.  Even crediting the allegation in Redding's opposition brief that at least some of her employment records should have been transferred to St. Louis after her reassignment, *see* Opp. at 8, that would only "signal[] the possibility that venue lies in [Missouri], rather than demonstrate[e] that venue is proper in the District of Columbia," *James v. Booz-Allen*, 227 F. Supp. 2d 16, 23 (D.D.C. 2002).  Without more, Redding has not met her burden to establish that venue is proper in this District.

Third, there is no allegation that Redding would have worked in the District of Columbia but for the Secretary's allegedly unlawful employment practices.  *See* 42 U.S.C. § 2000e-5(f)(3).  If anything, it appears that she would have worked in the Eastern District of Virginia but for the alleged unlawful practices.  Compl. ¶¶ 45–47.  Further, Redding alleges that she would have retired but for the Secretary's alleged unlawful practices, *see* Opp. at 9, but that allegation also is insufficient to establish venue in *this* District.

Finally, Title VII's "residual" venue provision, which permits a plaintiff to bring suit in the district where the defendant has its principal office, does not apply here.  "By its plain terms, this fourth residual basis for jurisdiction is only available when the defendant cannot be found within any of the districts provided for by the first three bases."  *Slaby*, 901 F. Supp. 2d at 134–35 (cleaned up).  As established above, under the first three bases venue is proper in the Eastern District of Virginia.

"When venue is improper, the Court may dismiss the case or, in the interest of justice, transfer it to any district or division in which it could have been brought." *Hamilton v. Transp. Sec. Admin.*, 263 F. Supp. 3d 317, 320 (D.D.C. 2016) (cleaned up). "Whether transferring [a] case is in the interest of justice rests within the sound discretion of the court." *James*, 227 F. Supp. 2d at 25. Generally, "the transfer of cases" is "favor[ed]." *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983). "Moreover, [especially] in light of the restrictiveness of the venue provisions for Title VII cases, courts have routinely transferred such cases to neighboring jurisdictions . . . ." *James*, 227 F. Supp. 2d at 25 (listing examples). Here, the Court finds that transfer of the case, rather than dismissal, would serve the interest of justice. The alleged unlawful conduct occurred in the Eastern District of Virginia; the relevant records are located there; and the defendant does not challenge a transfer to that District. *See* Def.'s Mem. at 7–8, Dkt. 7-1. Accordingly, the Court will transfer the case to the Eastern District of Virginia. *See James*, 227 F. Supp. 2d at 25.

## CONCLUSION

For the foregoing reasons, the Court will grant the defendant's motion to transfer and transfer this action to the Eastern District of Virginia. A separate order consistent with this decision accompanies this memorandum opinion.

*[signature]*
———————————————
DABNEY L. FRIEDRICH
United States District Judge

March 27, 2023